## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| COTTER TOWER - OKLAHOMA, L.P., | § | CASE NO. 17-52844-CAG |
| | § | |
| DEBTOR | § | CHAPTER 11 |

## MOTION TO APPROVE SALE OF PROPERTY OF THE ESTATE
## FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS

**TO THE HONORABLE CRAIG A. GARGOTTA, UNITED STATES BANKRUPTCY JUDGE**:

Comes now, Cotter Tower – Oklahoma, L.P., the Debtor-in-possession (hereinafter "Debtor" or "Seller"), by and through its counsel of record, who files this Motion to Sell Property of the Estate Free and Clear of Liens, Claims, Encumbrances and Interests (the "Sale Motion"). In support hereof, the Debtor respectfully represents as follows:

1. This Motion is filed pursuant to 11 U.S.C. §§ 105(a) & 363 and Fed. R. Bankr. P. Rules 2002, 6004, 9007 & 9014 and Local Bankruptcy Rules 2002 and 6004.

### Jurisdiction

2. On December 12, 2017 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). Debtor continues in possession of its property and it is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108. No party has requested the appointment of a trustee or examiner in this chapter 11 case, and no committees have been appointed or designated.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

**Property to be Conveyed**

4.     The property of the bankruptcy estate which is the subject of this Order is:

The real property generally located at 100 N. Broadway, Oklahoma City, Oklahoma 73102, commonly known as Cotter Ranch Tower, which is more particularly described on Exhibit "A" attached to the Agreement described in paragraph 11 below (the "Land");

The buildings located on the Land, and all associated parking areas, sidewalks, signs, fixtures, landscaping and all other improvements located on the Land, together with all machinery and mechanical, electrical, HVAC, and plumbing systems on the Land (collectively, the "Improvements"), provided that the Improvements shall exclude the statue which is a likeness of James F. Cotter on a horse in the event that Seller has removed the statue prior to the Close of Escrow;

All of Seller's right, title, and interest in and to all rights, privileges, streets, alleys, easements, and rights of way in, on, across, in front of, abutting, or adjoining the Land and all other appurtenances benefiting the Land or belonging thereto, including, without limitation, all mineral and water rights and all easements, rights-of-way and other appurtenances used or connected with the beneficial use or enjoyment of the Land (the "Appurtenances" and collectively with the Land and the Improvements, the "Real Property");

All of Seller's right, title, and interest in and to all personal property, equipment, supplies and fixtures (collectively, the "Tangible Personal Property") listed on Exhibit "B" attached to the Agreement described in paragraph 11 below or otherwise left on the Real Property at the Close of Escrow to the extent owned by Seller;

All of Seller's right, title, and interest in and to any intangible property (expressly excluding the name "Cotter" or "Cotter Ranch Tower" or any derivative thereof, or any name that includes the word "Cotter" or any derivative thereof) used or useful in connection with the foregoing, including, without limitation, all contract rights, warranties, insurance claims (including, without limitation, any pending claims related to the curtain wall which forms a part of the Improvements), guaranties, licenses, permits, entitlements, governmental approvals and certificates of occupancy which benefit the Real Property and/or the Tangible Personal Property (the "Intangible Personal Property" and together with the Tangible Personal Property, the "Personal Property");

All of Seller's right, title, and interest in and to all leases affecting the Real Property listed on Exhibit "C" attached to the Agreement described in paragraph 11 below and any order of the Court approving the assumption and assignment of Seller's right, title and interest in and to unexpired real property leases (the "Leases");

All of Seller's right, title, and interest in and to the contracts listed on Exhibit "C" attached to the Agreement described in paragraph 11 below and any order of the court approving

the assumption and assignment of Seller's right, title and interest of the Seller in and to executory contracts (the "Contracts");

(collectively, all of the foregoing shall hereinafter be referred to as "the Property").

## Background

### A. The Debtor's Business

5. The Debtor in this case is a Texas Limited Partnership with its principal place of business located in San Antonio, Texas. The Debtor is the owner of the Property, which includes a thirty-six-story commercial office building located at 100 N. Broadway Ave., Oklahoma City, Oklahoma, commonly known as "Cotter Ranch Tower".

6. This is a single asset real estate bankruptcy as defined by 11 U.S.C. §101(51B). Debtor's only assets are the real and personal property associated with the Property. At the time of filing, the occupancy rate for the Property was approximately 63%. The Property is professionally managed by CBRE, Inc. (hereinafter "CBRE").

7. Through the filing of this case, Debtor sought adequate time to market and sell the Property. It is anticipated that a sale of the Property will facilitate the complete administration of the bankruptcy estate. On the other hand, retention of the Property would create a burden on the Debtor's bankruptcy estate as maintenance and capital expenditure costs arise that are in excess of the revenues received from operation of the Property. Therefore, Debtor has an essential need to sell the Property and to use the proceeds to fund a plan of liquidation.

### B. The Debtor's Marketing and Sales Efforts.

8. On February 5, 2018, the Debtor filed an Application to Employ CBRE, Inc. as Real Estate Broker for the Debtor-in-Possession (Doc. 36). An Order Approving the retention of

CBRE as Broker for the Debtor was entered on February 22, 2018 (Doc. 41) under the terms of the Exclusive Sales Listing Agreement attached as Exhibit "A" (Doc. 36-1) to the Application (the "CBRE Listing Agreement"). Pursuant to the terms of the CBRE Listing Agreement, CBRE marketed the Property employing a thorough and time-tested sales process that commenced on January 15, 2018, and ended on or about May 1, 2018. Specifically, CBRE took the following steps to market the Property:

A. On or about February 22, 2018, CBRE released an offering announcement, or "flyer", which was a 16-page color brochure entitled "Executive Summary – Cotter Tower", containing basic information about the Property, its location and market, as well as full color photographs of the interior and exterior of the building. CBRE sent the Executive Summary to more than 2,115 buyers in its database, inviting them to seek additional information on the Property.

B. On or about March 2, 2018, CBRE released an offering memorandum which was a 69-page detailed and full color presentation that addressed significant information relating to the Property, its tenancy, and the Oklahoma City market. A detailed financial analysis of the Property was later included. The offering memorandum was delivered to the 77 potential investors that returned a completed confidentiality agreement.

C. CBRE set up a Virtual Data Room (the "VDR") containing the following types of documents that a potential buyer would find important prior to making a decision about bidding on the Property: copies of leases, operating statements, service agreements and capital expenditure histories.

D.     CBRE received 77 requests from potential buyers interested in obtaining more information through the VDR.  Each potential buyer was required to execute a confidentiality agreement as a condition to accessing the information contained in the VDR.  A total of 77 interested parties executed such agreements and accessed information in the VDR.

E.     CBRE set a timeline for potential buyers to make bids on the Property.  Buyers first presented offers beginning April 6, 2018.  Initially, CBRE received a total of eleven (11) bids from prospective buyers.  Thereafter, CBRE narrowed the list to those parties who submitted the highest bids, and set a "Best and Final Bids Due" date for such parties.  CBRE then received updated bids from some of the parties who increased their bids, as well as additional offers.  In total, seven (7) final/revised offers were received on or about April 20, 2018.  Thereafter, CBRE and the Debtor's representatives conducted interviews with the potential buyers.

9.     Debtor's representatives determined, in consultation with CBRE, that the marketing process employed was an efficient process that was well designed to maximize the value of the property for the Debtor's estate and its creditors.

10.     At the conclusion of the marketing period, Debtor's representative determined that an offer by BancFirst Corporation (hereinafter "Buyer" or "BancFirst") in the amount of $23,000,000.00 was the highest and best offer for the Property.   On April 30, 2018, Debtor's representative advised BancFirst, through the parties' brokers, that it had submitted the best and highest offer.

**C.     The Purchase and Sale Agreement**

11.     Counsel for BancFirst, the Debtor, and the Estate of James F. Cotter negotiated and executed a Purchase and Sale Agreement, a true and correct copy of which is attached hereto as Exhibit "1" (the "Agreement").  Under the Agreement, the parties acknowledged that "[g]iven the extraordinary marketing period that Seller has conducted, each of Buyer and Seller acknowledges and agrees that it believes this Agreement is the highest and best offer to purchase the Property."  Notwithstanding this fact, Debtor's representative desired to sell the Property for the highest price possibly attainable and therefore requested that the sale contemplated under the Agreement facilitate a procedure whereby a higher and like bid could possibly be submitted if a potential qualified buyer desired to do so.  BancFirst agreed to such procedure, subject to certain bid protections set forth in the Agreement which recognized the significant time and expense expended by BancFirst in its effort to acquire the Property.

**D.     The Sale Procedures Order**

12.     On July 2, 2018, the Debtor filed a Motion for an Order: (I) Approving Procedures for the Sale of 100 N. Broadway Ave., Oklahoma City, Oklahoma, (II) Approving Certain Bid Protections, and (III) Approving the Form, Manner and Sufficiency of Notice [Doc. 69] (the "Sale Procedures Motion").  The Court conducted a hearing on the Sale Procedures Motion on July 18, 2018.  On July 20, 2018, the Court entered an Order approving the Sale Procedures Motion [Doc. 76] (the "Sale Procedures Order").  Debtor's counsel properly served a copy of the Sale Procedures Order on all parties in interest in this case on July 23, 2018, advising said parties of the procedures applicable to the sale and requirements in the event any party desired to submit a Qualified Bid (as defined in the Agreement) greater than the Purchase Price

offered by BancFirst.

**E.    Amendment to the Agreement**

13.    Prior to the expiration of the due diligence period provided in the Agreement, BancFirst determined that it could not purchase the Property at the sales price set forth in the Agreement due to actual and impending loss of tenants and resultant loss of rental revenue and significantly higher than expected building infrastructure renovation, deferred maintenance and repair costs required for the Property.  Therefore, BancFirst notified the Debtor's representatives of its intent to exercise its option to formally terminate the agreement prior to the expiration of the due diligence period.

14.    Debtor's representatives, after consultation with the Debtor's broker and counsel, conferred with representatives from BancFirst concerning a price reduction.  Thereafter, the parties mutually agreed to an amendment to the Agreement with a purchase price of Twenty-One Million Dollars ($21,000,000.00).

15.    On August 1, 2018, Debtor and BancFirst executed an Amendment to the Agreement, modifying the purchase price, a true and correct copy of which is attached hereto as Exhibit "2" (the "Amendment").  Debtor's counsel immediately filed herein and served upon all parties in interest a "Notice of Contract Amendment" [Doc. 81] describing the change in the purchase price and advising that any party wishing to submit a Qualified Bid under the Sale Procedures Order must base its bid upon a $21,000,000 purchase price, and submit such Qualified Bid on or before August 10, 2018, at 5:00 P.M. Central Standard Time to said counsel. The bid protections contained in the Sale Procedure Order were not modified.

16.    In the Sale Procedures Order, the Court reserved time on its docket and set a

hearing on this Sale Motion for August 15, 2018 @ 1:00 p.m. Absent receipt of a Qualified Bid from another party under the Sale Procedures Order, on or before the deadline set forth in the Notice of Contract Amendment, Debtor will ask the Court at the hearing to approve the sale of the Property to BancFirst under the terms of the Agreement and Amendment.

### The Liens, Claims, Encumbrances and Interests

17.     Debtor seeks to sell the Property free and clear of liens, claims, encumbrances and interests pursuant to 11 U.S.C. §363. American Eagle Title Company (the "Title Company") has produced a report showing the following liens and encumbrances on the Property:

A.     Oklahoma County Treasurer – ad valorem real estate taxes for the year 2017 in the original amount of $317,946.75, plus penalty, Tax code 01-001-0630.

B.     City of Oklahoma City, Claim of Lien, filed December 21, 2017, recorded in Book 13622, page 763 for unpaid assessments for the year 2018 (and all prior years) relating to Special Services Assessment District No. 6, City of Oklahoma City, The Downtown Business Improvement District.

C.     City of Oklahoma City, any amounts assessed against the Property as a result of its location within Improvement and Special Services Assessment District No. 3, City of Oklahoma City, The Underground Special Improvement District, for the year 2018 and all prior years.

D.     Bank SNB, National Association – (i). a Mortgage with Power of Sale, Security Agreement, Assignment of Rents and Financing Statement executed by the Debtor, dated March 14, 2014, filed March 17, 2014, and recorded in Book 12486, page 1835; (ii). Assignment of Lessor's Interest in Rents and Leases executed by the Debtor, dated March 14, 2014, filed March 17, 2014, and recorded in Book 12486, page 1855; (iii). Mortgage executed by Debtor, dated June 29, 2017, filed July 3, 2017, and recorded in Book 13479, page 431; (iv). UCC Financing Statement filed March 21, 2014, recorded in Book 12490, page 1209.

E.     Mechanic's Lien Statement of Claim, filed May 19, 2017 by Roto Rooter, recorded in Book 13440, page 575.

F.     Mechanic's Lien Statement of Claim, filed July 14, 2017 by Coe Plumbing Inc., recorded in Book 13489, page 237.

G.     Mechanic's Lien Statement of Claim, filed August 25, 2017 by iPlumb Co.,

recorded in Book 13524, page 1620.

H.     Mechanic's and Materialman's Lien Statement, filed February 6, 2018, by American Staffcorp of OKC, LLC, recorded in Book 13654, page 402.

18.     Debtor's counsel has ensured that each of the foregoing creditors are listed on the certificate of service attached to this Motion and will receive notice of this Motion.  Further, each of the foregoing creditors was mailed a copy of the Sale Procedures Motion and the Sale Procedures Order which notified them of the Sale Hearing scheduled for August 15, 2018 @ 1:00 p.m.

19.     Debtor seeks an order pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, authorizing the Debtor to transfer the Property to the Buyer, and such transfer be deemed to (a) constitute a legal, valid, binding and effective transfer of the Property, (b) vest the Buyer with title to the Property and (c) upon the Debtor's receipt of the Purchase Price, be free and clear of all liens, claims encumbrances and other interests of any kind or nature whatsoever, including but not limited to, successor or successor-in-interest liability and claims. Debtor further requests an order that such liens, including mechanics, materialmen and subcontractor liens and rights to receive payment of trust funds, claims and other interests will attach to the proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Property.

20.     Notwithstanding the foregoing, Debtor also requests that the Sale Order provide that at Closing, the Title Company closing the Sale shall pay the full amount of taxes or assessments due and owing to the following governmental entities, pro-rated to the date of closing:

(A).    Oklahoma County Treasurer; and

(B).    City of Oklahoma City

21.    Notwithstanding the foregoing, Debtor also requests that the Sale Order provide that at Closing, the Title Company closing the Sale shall pay the full amount due and owing to Bank SNB (a division of Simmons Bank).

**Good Faith of Purchaser**

22.    The Agreement and Amendment were negotiated, proposed and entered into by the Debtor and the Buyer without collusion, in good faith and from arms'-length bargaining positions.

23.    The Buyer is not an "insider" or "affiliate" of the Debtor as those terms are defined in the Bankruptcy Code.  Neither the Debtor nor the Buyer have engaged in any conduct that would cause or permit the Agreement or Amendment to be avoided under section 363(n) of the Bankruptcy Code.  Specifically, the Buyer has not acted in a collusive manner with any person, and the aggregate price paid by the Buyer for the Property was not controlled by any agreement among competing bidders for the Property.

24.    The Buyer is purchasing the Property in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code.  The Buyer proceeded in good faith in connection with all aspects of the Sale, including: (i) agreeing to subject its bid to the competitive bidding procedures set forth in the Sale Procedures Order; (ii) neither inducing nor causing the Debtor's Chapter 11 filing; and (iii) disclosing all payments to be made by the Buyer in connection with the Sale.  Accordingly, the Buyer is entitled to all of the protections afforded

under section 363(m) of the Bankruptcy Code and the Debtor requests such a finding in the Sale Order.

## Highest or Otherwise Best Offer

25.     As noted above, Debtor is confident that the Buyer submitted the highest and best offer for the Property.  In accordance with the Sale Procedures Order, and in recognition of the extensive marketing procedure conducted by the Debtor before the entry of the Sale Procedures Order, any potential bidders wishing to submit a Qualified Bid (as defined therein) were afforded a reasonable opportunity to submit such bids.  It has been publicly announced since December, 2017, that the Debtor desired to sell the Property, that the Debtor's Broker marketed the Property thoroughly and diligently as described in the Sale Procedures Order entered herein.  As of the date of this Motion, no other person or entity has offered to purchase the Property for an amount that would allow the Debtor's Estate to realize a greater economic value than the offer submitted by Buyer.  The Debtor's determination that the Agreement and Amendment constitute the highest and best offer for the Property is a good, valid and sound exercise of the Debtor's business judgment.

## No Fraudulent Transfer

26.     The consideration provided by the Buyer pursuant to the Agreement and Amendment, (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Property, (iii) will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative and (iv) constitutes reasonable equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and

under the laws of the United States, any state, territory, possession or the District of Columbia. The Debtor's determination that the Agreement constitutes the highest or otherwise best offer for the Property constitutes a valid and sound exercise of the Debtor's business judgment. Approval of this Sale Motion, the Agreement and Amendment, and the consummation of the transactions contemplated thereby, is in the best interests of the Debtor, its estate, creditors and other parties-in-interest including the equity owner(s) of the Debtor.

27.     The Buyer is not a mere continuation of the Debtor or its estate and there is no continuity of enterprise between the Buyer and the Debtor. The Buyer is not holding itself out to the public as a continuation of the Debtor. The Buyer is not a successor of the Debtor or its estate and the Sale does not amount to a consolidation, merger, or de facto merger of Buyer and the Debtor.

### Compelling Circumstances for an Immediate Sale

28.     Good and sufficient reasons for approval of the Agreement, the Amendment and the Sale have been articulated. The relief requested in this Sale Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest, including the equity owners of the Debtor. The Debtor has demonstrated (i) good, sufficient and sound business purposes and justifications for approving the Agreement and Amendment, and (ii) compelling circumstances for the Sale outside of (a) the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code and (b) a plan of reorganization, in that, among other things, the immediate consummation of the Sale to the Purchaser is necessary and appropriate to maximize the value of the Debtor's estate and the Sale will provide the means for the Debtor to maximize distributions to its creditors and equity owners.

29.     Given all of the circumstances of this Chapter 11 case and the adequacy and fair value of the Purchase Price under the Agreement and Amendment, the proposed Sale constitutes a reasonable and sound exercise of the Debtor's business judgment and should be approved.

30.     The Sale does not constitute a *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford. The Sale neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates a liquidating plan of reorganization for the Debtor.

**The Sale is Authorized Under Section 363(b)(1) of the Bankruptcy Code**

31.     Bankruptcy Code section 363(b)(1) provides that a debtor-in-possession "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).

32.     Courts generally approve sales outside the ordinary course of business under section 363(b)(1) of the Bankruptcy Code when a sale is in the best interests of the estate. *See, e.g., In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (noting that two Seventh Circuit Court of Appeals cases have employed, for purposes of approving settlements, "the same 'best interest of the estate' test that emerges under Section 363(b) (*citing In re Energy Co-op., Inc.*, 886 F.2d 921, 927 (7th Cir. 1989); *In re Am. Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987)). It has also been said that "[a] sale is permissible and will be authorized as long as the [debtor-in-possession] has an "'articulated business justification.'" *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986)); *In re UAL Corp.*, 443 F.3d 565, 571 (7th Cir. 2006). A debtor must demonstrate a sound business justification for a sale or use of assets

outside the ordinary course of business. *See Myers v. Martin* (*In re Martin*), 91 F.2d 389, 395 (3d Cir. 1996).

33.     A debtor-in-possession "has considerable discretion when it comes to the sale of estate assets, and that discretion is entitled to 'great judicial deference' as long as a sound business reason is given." *In re Efoora, Inc., 472 B.R. 481, 488 (Bankr. N.D. Ill. 2012)* (*citations omitted*).  The approval of a sale is within a bankruptcy court's discretion. *Id.* at 488–89 (*citing Corp. Assets, Inc. v. Paloian*, 368 F.3d 761, 767 (7th Cir. 2004); *In re Irvin*, 950 F.2d 1318, 1320 (7th Cir. 1991)).  Nonordinary course sales are generally approved under section 363(b)(1) of the Bankruptcy Code "where two standards are met: (1) business justification; and (2) the sale occurred in good faith." *In re Shary*, 152 B.R. 724, 725 (Bankr. N.D. Ohio 1993) (*citing In re Met-L-Wood Corp.*, 861 F.2d 1012 (7th Cir. 1988); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986)).

**The Sale Satisfies the Requirements of Section 363(f)**

34.     Section 363(f) of the Bankruptcy Code permits the Debtor to sell assets free and clear of all liens, claims, interests, charges and encumbrances (with any such liens, claims, interests, charges, and encumbrances attaching to the net proceeds of the sale with the same rights and priorities therein as in the sold assets).  As section 363(f) of the Bankruptcy Code is stated in the disjunctive, a sale can be authorized if the Debtor can meet any one of the five conditions. *See In re Wolverine Radio Co.*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (stating that section 363(f) is written in the disjunctive; holding that the court may approve the sale 'free and clear' provided at least one of the subsections of section 363(f) is met); *see also In re Shary*, 152 B.R. at 725 (stating that a sale can be authorized if the trustee "can prove any of the five

conditions" enumerated under § 363(f)). The Debtor believes that it will be able to demonstrate at the Sale Hearing, if necessary, that it has satisfied one or more of these conditions. Conversely, the Sale can be approved pursuant to section 363(f)(2) of the Bankruptcy Code without an Objection. *In re Shary*, 152 B.R. at 725; *see also FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 285-86 (7th Cir. 2002) (holding that "lack of objection (provided of course there is notice) counts as consent" and that "[i]t could not be otherwise; transaction costs would be prohibitive if everyone who might have an interest in the bankrupt's assets had to execute a formal consent before they could be sold." (citations omitted)); *In re Rapraeger*, 534 B.R. 778, 784 (Bankr. W.D. Wis. 2015) (holding that approval of the sale was proper under section 363(f)(2) where the bank elected not to object (*citing FutureSource LLC*, 312 F.3d at 285)).

35.     Pursuant to 11 U.S.C. §363(f)(3), a debtor is permitted to sell property free and clear of all liens when the price at which such property is to be sold is greater than the aggregate value of all liens on the property.  This is clearly the case with respect to the Sale proposed by this Sale Motion.   Therefore, the Sale satisfies the requirement of Section 363(f).

### Waiver of the Stay Under Bankruptcy Rule 6004(h) is Appropriate.

36.     Debtor further requests that the Court order that the Sale Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, Federal Rule of Civil Procedure 62(a) or otherwise, and that the Debtor and the Buyer are authorized to close the Sale immediately upon entry of this Order. The  Sale  has  been  well-advertised, the Property has been diligently marketed, and the parties in interest to this case have had more than sufficient notice of the proposed Sale by virtue of the prior filing and service of the Sales Procedure Motion and Sales Procedure Order.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests that the Court enter the Sale Order substantially in the proposed form submitted herewith, approving the Sale of the Property to BancFirst free and clear of all liens, claims, encumbrances and interests pursuant to 11 U.S.C. §363, and granting such other related relief as this Court deems appropriate.

Respectfully submitted,

LAW OFFICE OF H. ANTHONY HERVOL
4414 Centerview Drive, Suite 200
San Antonio, Texas 78228
(210) 522-9500
(210) 522-0205 (Fax)


By____/s/ H. Anthony Hervol_____
      H. Anthony Hervol
      State Bar Number 00784264
      Attorney for Debtor

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Motion has been served upon the parties listed below by the methods indicated hereunder, and to the parties on the attached mailing list (unless such parties are also listed on this Certificate as having received notice through the Court's ECF Filing System), by United States Mail, First Class Delivery, postage prepaid, on this 6th day of August, 2018.

**DEBTOR:**
Cotter Tower – Oklahoma, LP
c/o Marcus P. Rogers, P.C.
2135 E. Hildebrand
San Antonio, Texas 78209
*Via Electronic Mail, with consent*

**LIENHOLDERS:**
Tammy Jones
Oklahoma County Treasurer
320 Robert S. Kerr, Room 307
Oklahoma City, Oklahoma 73102
*Via First Class Mail, postage pre-paid*
*& electronic mail to* [tammy.jones@oklahomacounty.org](mailto:tammy.jones@oklahomacounty.org)

City of Oklahoma City
c/o Municipal Counselor's Office
200 N. Walker Ave.
Oklahoma City, Oklahoma 73102
*Via First Class Mail, postage pre-paid*

Oklahoma Tax Commission
2501 N. Lincoln Boulevard
Oklahoma City, Oklahoma 73194.
*Via First Class Mail, postage pre-paid*

Bank SNB, N.A.
c/o Steven R. Brook
Langley & Banack, Inc.
745 E Mulberry Ave, Ste 700
San Antonio, TX 78212
*Via the Court's ECF Filing System*

Roto Rooter
3120 S. Ann Arbor Ave.
Oklahoma City, Oklahoma  73179
*Via First Class Mail, postage pre-paid*

Coe Plumbing
3928 E. Reno Ave.
Oklahoma City, Oklahoma 73117
*Via First Class Mail, postage pre-paid*

iPlumb Co.
2736 SW 48th St.
Oklahoma City, Oklahoma  73119
*Via First Class Mail, postage pre-paid*

American Staffcorp of OKC, LLC
c/o Larry G. Ball
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8805
*Via the Court's ECF Filing System*

**INTERESTED PARTIES/
REQUESTING NOTICE:**
Steven R. Brook
Langley & Banack, Inc.
745 E Mulberry Ave, Ste 700
San Antonio, TX 78212
Counsel for Bank SNB, N.A.
*Via the Court's ECF Filing System*

Joe C. Lewallen, Jr.
Louis J. Price
McAfee & Taft
A Professional Corporation
10th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
*Counsel for BancFirst Corporation*
*Via Electronic Mail with consent*

Ben Bingham
Bingham & Lea, P.C.
319 Maverick Street
San Antonio, Texas 78212
*Counsel for Marcus P. Rogers,*
*Independent Administrator of the Estate*
*of James F. Cotter, deceased and*
*Special Counsel for the Debtor*
*Via the Court's ECF Filing System*

Stephen J. Moriarty
Fellers Snider Blankenship Bailey & Tippens, PC
100 North Broadway Ave., Suite 1700
Oklahoma City, OK 73102
*Via the Court's ECF Filing System*

Larry G. Ball
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8805
*Via the Court's ECF Filing System*

**UNITED STATES TRUSTEE:**
Post Office Box 1539
San Antonio, Texas 78295-1539
*Via the Court's ECF Filing System*

_/s/ H. Anthony Hervol_____
H. Anthony Hervol

Label Matrix for local noticing
0542-5
Case 17-52844-cag
Western District of Texas
San Antonio
Mon Aug  6 15:31:02 CDT 2018

Cotter Tower - Oklahoma, L.P.
c/o Marcus P. Rogers, PC
2135 E Hildebrand
San Antonio, TX 78209-6332

U.S. BANKRUPTCY COURT
615 E. HOUSTON STREET, ROOM 597
SAN ANTONIO, TX 78205-2055

A-Russell's Mr. Rooter, Inc.
8132 W. Reno
Oklahoma City, OK 73127-7229

Accenture, LLP
161 North Clark Street
Chicago, IL 60601-3362

American Staffcorp of OKC, LLC
6301 S. Mingo Rd
Tulsa, OK 74133-6319

American Staffcorp of OKC, LLC
c/o Larry G. Ball
100 North Broadway Avenue, Suite 2900
Oklahoma City, OK 73102-8865

Andrews Davis, PC
Cathy Collins/Administrator
100 N. Broadway, Suite 3300
Oklahoma City, OK 73102-8831

Arapahoe Resources
Cotter Ranch Tower
100 N. Broadway Ave., Suite 3150
Oklahoma City, OK 73102-8821

BL3 Inc. Plumbing and Drain Cleaning
P.O. Box 6499
Oklahoma City, OK 73153-0499

BancFirst
Randy Foraker, EVP, Chief Risk Officer
P. O. Box 26788
Oklahoma City, OK 73126-0788

Bank SNB
c/o David S. Gragg
Langley & Banack, Inc.
745 E. Mulberry, #700
San Antonio, Texas 78212-3172

Bank SNB, N.A.
6301 Waterford Blvd., Suite 101
Oklahoma City, OK 73118-1161

Bettye Ruth Cotter
3601 N.W. 62nd Street
Oklahoma City, OK 73112-1401

Brake Away Logistics
Cotter Ranch Tower
100 N. Broadway Ave., Suite 3108
Oklahoma City, OK 73102-8608

Brierly Plumbing Technologies
Roto Rooter Plumbing
3120 S Ann Arbor Ave
Oklahoma City, OK 73179-7634

CBRE Inc
PO Box 848844
Los Angeles, CA 90084-8844

CBRE, Inc.
3401 NW 63rd St, Suite 400
Oklahoma City, OK 73116-3794

CHRISTOPHER LEE MEILE - URBAN
LOCKWERX LLC
3101 ABBEY RD
Oklahoma City, OK 73120-2012

CITY OF OKLAHOMA CITY
PO BOX 26570
Oklahoma City, OK 73126-0570

COE PLUMBING INC
PO BOX 15482
Oklahoma City, OK 73155-5482

COPS PRODUCTS
416 HUDIBURG CIRCLE STE B
Oklahoma City, OK 73108-1048

CUDD Pumping Services, Inc.
Cotter Ranch Tower
100 N. Broadway Ave., Suite 2500
Oklahoma City, OK 73102-8809

Calverts Plan Interiors, Inc.
8308 Classen Blvd.
Oklahoma City, OK 73114

Calverts Plant Interiors, Inc.
5308 Classen Blvd.
Oklahoma City, OK 73118-4291

Chamsolme Harroz Achnebel, PLLC
Layni Carney/Office Manager
100 N Broadway Avenue, Suite 1800
Oklahoma City, OK 73102-8614

Chubbick Duncan & Robey, P.C.
Cotter Ranch Tower
100 N. Broadway Ave., Suite 2300
Oklahoma City, OK 73102-8802

City of Oklahoma City
420 W Main St Suite 120
Box 3
Oklahoma City, OK 73102-4435

Coe Plumbing, Inc.
3928 E. Reno Ave.
Oklahoma City, OK 73117-7220

Commercial Oklahoma, Inc.
Cotter Ranch Tower
100 N. Broadway Ave., Suite 3130
Oklahoma City, OK 73102-8837

Comptroller of Public Accounts
C/O Office of the Attorney General
Bankruptcy - Collections Division MC-008
PO Box 12548
Austin TX  78711-2548

Continental Resources, Inc.
Heather Scott, Director
P.O.Box 269000
Oklahoma City, OK 73126-9000

Continental Resources, Inc.
c/o Taylor L. Pope
PO Box 268836
Oklahoma City, OK 73126-8836

Convergint Technologies, LLC
c/o James Vogt
Reynolds, Redings, Vogt & McCart, PLLC
101 Park Avenue, Suite 1010
Oklahoma City, OK 73102-7251

Coventry Investments
Cotter Ranch Tower
100 N. Broadway Ave., Suite 2430
Oklahoma City, OK 73102-8803

DKT Energy & Neomorph
Joe T. Vaughn/Manager
100 N. Broadway, STE 2270
Oklahoma City, OK 73102-8838

Daugherty, Fowler, Peregrin, Haught & Je
Danny Meier/Administrator
100 N. Broadway Avenue, Suite 2000
Oklahoma City, OK 73102-8846

Dawson Geophysical
Risk Management
Attn: Jessica Forsdick
10333 Richmond Ave. Suite 800
Houston, Texas 77042-4128

Deloitte LLP
Mitchell Scalf
2200 Ross Avenue, Ste 1600
Dallas, TX 75201-6703

Deloitte, LLP
Cotter Ranch Tower
100 N. Broadway Ave., Suite 3250
Oklahoma City, OK 73102-8811

Derrick & Briggs, LLP
Helen Sullivan-Reyna
100 N. Broadway Avenue, Suite 2830
Oklahoma City, OK 73102-8831

Destin Construction Inc
PO Box 271198
Oklahoma City, OK 73137-1198

Dezign Partnerships Inc
3037 NW 63rd St 202W
Oklahoma City, OK 73116-3608

(c)DUTCHER & COMPANY, INC.
TRAVIS L. WILLIAMS
100 N BROADWAY AVE STE 2110
OKLAHOMA CITY OK  73102-8614

EALES ELECTRONICS CORP
PO BOX 721140
Oklahoma City, OK 73172-1140

EMCS ENTERPRISES INC
36 NE 46TH ST
Oklahoma City, OK 73105-2011

EUREKA WATER COMPANY - OZARKA WATER
AND COFFEE SERVICE
PO BOX 26730
Oklahoma City, OK 73126-0730

Estate of James F. Cotter, Dec'd
c/o Marcus P. Rogers, P.C.
2135 E. Hildebrand
San Antonio, TX 78209-6332

Estate of James F. Cotter. Dec'd
c/o Marcus P. Rogers
2135 Hildebrand
San Antonio, TX 78209-6332

Fellers Snider Blankenship Bailey & Tippens,
c/o Stephen J. Moriarty
100 N. Broadway, Suite 1700
Oklahoma City, OK 73102-8820

Fellers, Snider, Blankenship, & Tippens
Attn: DeAnna Carter
100 N. Broadway Avenue, Suite 1700
Oklahoama City, OK 73102-8820

Fibernet Direct Texas, LLC
Cristina Valdes
9250 West Flager Street
Miami, FL 33174-3415

Forrest Butch Freeman
Oklahoma County Treasurer
320 Robert S. Kerr, Rm 307
Oklahoma City, OK 73102-3441

Globe Life and Accident
Sherry Garrison
100 N. Broadway Avenue, Suite 700
Oklahoma City, OK 73102-8812

Globe Life and Accident Insurance Company
c/o Steven J. Adams, Esq.
100 W. 5th St., Ste. 1100
Tulsa, OK 74103-4217

Goldfire Studios
James Simpson/President
100 N. Broadway Avenue, STE 2250
Oklahoma City, OK 73102-8804

Gretchen Crawford
Assistant District Attorney
Oklahoma County Treasurer
320 Robert S. Kerr, Suite 505
Oklahoma City, OK 73102-3412

HARRISON ORR AIR CONDITIONING LLC
4100 N WALNUT
Oklahoma City, OK 73105-3798

HD SUPPLY FACILITIES MAINTENANCE
PO BOX 509058
San Diego, CA 92150-9058

HNTB Corporation
Attn: Peggy Gaylord, Procurement Manager
715 Kirk Drive
Kansas City, MO 64105-1310

Hall Estill
Trent Corken-Office Administrator
100 N. Broadway Avenue, Suite 2900
Oklahoma City, OK 73102-8865

Hall, Estill, Hardwick, Gable, Golden & Nels
c/o Larry Ball
100 N. Broadway, Suite 2900
Oklahoma City, OK 73102-8808

Hymer Photography
Cotter Ranch Tower
100 N. Broadway Ave., Suite CO-03
Oklahoma City, OK 73102-8614

InServices, Inc.
Dillingham Insurance dba In Service
PO Box 1669
Oklahoma City, OK 73101

Internal Revenue Service - Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

JANES ELECTRIC SERVICE INC
33 NW 60TH STREET
Oklahoma City, OK 73118-7405

JP Morgan Chase
Cotter Ranch Tower
100 N. Broadway Ave., Suite 400
Oklahoma City, OK 73102-8841

James Adam Cotter
23019 Steeple Bluff
San Antonio, TX 78256-1603

James Andrew Cotter
6 Lincoln Place
Rancho Mirage, CA 92270-1928

James Vale Lee Cotter
28 Morning Green
San Antonio, TX 78257-2602

Jolen Operating Company
Janae Gorman
100 N. Broadway Avenue, Suite 2460
Oklahoma City, OK 73102-8868

Jordan C. Braun
Cotter Ranch Tower
100 N. Broadway Ave., Suite 3020
Oklahoma City, OK 73102-8606

Kurts Pest Control Inc
PO BOX 23315
Oklahoma City, OK 73123-2315

Land Information Services
Wade Brawley/President
100 N. Broadway Avenue, Suite 2010
Oklahoma City., OK 73102-8846

Law Ofc. of Robert H. Alexander
Cotter Ranch Tower
100 N. Broadway Ave., Suite 1820
Oklahoma City, OK 73102-8832

Luckinbill Inc.
PO Box 186
Enid, OK 73702-0186

Marcus P. Rogers, Independent Administrator
the Estate of James F. Cotter, deceased
c/o Marcus P. Rogers
2135 E. Hilderbrand
San Antonio, Texas 78209-6332

McCoy & Orta. P.C.
Tammy Lind/Office Manager
100 N. Broadway Avenue, Suite 2600
Oklahoma City, OK 73102-8868

Mesa Natural Gas Solutions
Cotter Ranch Tower
100 N. Broadway Ave., Suite 3120
Oklahoma City, OK 73102-8868

Metro Glass Inc
8025 N Rockwell
Oklahoma City, OK 73132-4213

Metro Technology Center, Inc.
Karla Graham
100 N. Broadway Avenue, Suite 300
Oklahoma City, OK 73102-8847

Monnet, Hayes, Bullis PLLC
Cotter Ranch Tower
100 N. Broadway Ave., Suite 2730
Oklahoma City, OK 73102-8804

(p)NAFA CAPITAL MARKETS
3700 WEST ROBINSON STREET SUITE 204
NORMAN OK 73072-3655

NATURAL WOOD FLOORS INC - QUALITY FLOOR
719 N VIRGINIA AVE
Oklahoma City, OK 73106-2631

OG&E
PO BOX 24990
Oklahoma City, OK 73124-0990

OGP Energy Limited Partnership #1
Cotter Ranch Tower
100 N. Broadway Ave., Suite 1830
Oklahoma City, OK 73102-8805

OKLAHOMA COUNTY TREASURER
PO BOX 268875
Oklahoma City, OK 73126-8875

ON CALL JUNK HAUL LLC
8216 NW 159TH ST
Edmond, OK 73013-5804

ONESOURCE MANAGED SERVICES LLC
PO BOX 270538
33 N MERIDIAN
Oklahoma City, OK 73107-6501

Oklahoma County Treasurer
Tammy Jones, Pro Se
320 Robert S. Kerr, Room 307
Oklahoma City, OK 73102-3441

Oklahoma County Treasurer's Office
320 Robert S. Kerr, Room 307
Oklahoma City, Oklahoma 73102-3441

Oklahoma Tax Commission
General Counsel's Office
100 N. Broadway Ave, Suite 1500
Oklahoma City, OK 73102-8601

Otis Elevator Company
PO Box 730400
Dallas, TX 75373-0400

Paul J. Sowell
14200 N May Ave Suite 2511
Oklahoma City, OK 73134-5031

Petroleum Club of Oklahoma City
Cotter Ranch Tower
100 N. Broadway Ave., Suite 3400
Oklahoma City, OK 73102-8824

Pinnacle Towers
Cotter Ranch Tower
100 N. Broadway Ave., Suite 3050
Oklahoma City, OK 73102-8826

Potts Exploration, LLC
909 E. Britton Road
Oklahoma City, OK 73114-7802

Precision Mechanical, LLC
860656 S. 3320 Rd
Wellston, OK 74881-8067

R. Brown Wallace
Cotter Ranch Tower
100 N. Broadway Ave., Suite 2530
Oklahoma City, OK 73102-8805

R. Brown Wallace, P.C.
544 Shawnee St.
NORMAN, OK 73071-4631

Richard G. Jenkins
P.O. Box 591565
San Antonio, TX 78259-0127

Rogers Safe and Lock, LLC
906 Northwest 5th Street
Oklahoma City, OK 73106-7427

Roto Rooter
Plumbing & Drain Cleaning
3120 S. Ann Arbor Ave
Oklahoma City, OK 73179-7634

Russell D Thorp - Schuler Enterprise
PO Box 30847
Edmond, OK 73003-0015

Ruston Aviation
P.O. Box 607
Ruston, LA 71273-0607

Samis Family Investments, LLC
Eileen Motley/Office Manager
100 N. Broadway, Suite 1850
Oklahoma city, OK 73102-8607

Southwestern Restoration
and Waterproofing
PO Box 54858
Oklahoma City, OK 73154-1858

Staples Contract & Commerical, Inc.
PO Box 415256 Dept SNA
Boston, MA 02241-5256

Talada, LLC
Cotter Ranch Tower
100 N. Broadway Ave., Suite 3025
Oklahoma City, OK 73102-8825

Tenaris Global Services
Cotter Ranch Tower
100 N. Broadway Ave., Suite 2525
Oklahoma City, OK 73102-8868

Tidelands Geophysical
Cotter Ranch Tower
100 N. Broadway Ave., Suite 2420
Oklahoma City, OK 73102-8803

United Protective Services of
Oklahoma City, LP
6500 Greenville Ave, Suite 525
Dallas, TX 75206-1000

United States Attorney General
Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0009

United States Attorney/IRS
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216-5597

United States Trustee
P.O. Box 1539
San Antonio, TX 78295-1539

United States Trustee - SA12
US Trustee's Office
615 E Houston, Suite 533
PO Box 1539
San Antonio, TX 78295-1539

Urban Space Construction
28 Morning Green
San Antonio, TX 78257-2602

Valeri Marie Cotter Zaharie
5743 E. Shoreline
Post Falls, ID 83854-6855

Veolia Energy Oklahoma City Inc
Box 681038
Chicago, IL 60695-2039

Veolia Energy Oklahoma City Inc.
14055 Riveredge Drive, Ste 240
Tampa, FL 33637-2099

Veolia North America
100 N. Broadway, Suite 1520
Oklahoma City, OK 73102-8601

Vets Septic Service Inc.
1024 SW 21st Street
Oklahoma City, OK 73108-7439

Vivian Claudette Mueller
102 Kathy Drive
Kerrville, TX 78028-9744

Voss Electric Co
1601 Cushman Dr.
Lincoln, NE 68512-1237

Voss Electric Co.
P.O. Box 22159
Attn: Accounts Rec.
Lincoln, NE 68542-2159

Yardi Marketplace
P.O. Box 82569
Goleta, CA 93118-2569

iPlumb Co.
2736 SW 48th St
Oklahoma City, OK 73119-5213

H. Anthony Hervol
Law Office of H. Anthony Hervol
4414 Centerview Dr, Suite 200
San Antonio, TX 78228-1442

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

NAFA Capital Markets
Cotter Ranch Tower
100 N. Broadway Ave., Suite 2550
Oklahoma City, OK 73012

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Dutcher & Company, Inc.
Travis L. Williams
100 N. Broadway Avenue, Suite 2100
Oklahoma City, OK 73102

End of Label Matrix
Mailable recipients    127
Bypassed recipients      0
Total                  127